

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**



**Signed September 11, 2007**                            **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Truestar Barnett LLC aka | § | CASE NO. 07-34192-sgj-11 |
| Trinity Barnett LLC, | § | |
|     ALLEGED DEBTOR. | § | |
| | § | |

### MEMORANDUM AND ORDER SETTING OCTOBER 3, 2007 9:30 A.M. HEARING ON PETITIONING CREDITOR'S EMERGENCY MOTION TO DETERMINE PROPER VENUE, PURSUANT TO BANKRUPTCY RULE 1014(b)

CAME ON FOR CONSIDERATION by this court the Petitioning Creditor's Emergency Motion for Setting and Request for Expedited Hearing (the "Expedited Setting Request") on Petitioning Creditor's Emergency Motion to Determine Proper Venue ("Rule 1014(b) Venue Motion"). The court has determined that a hearing is required on the Rule 1014(b) Venue Motion, but not on an expedited basis, based on the reasons articulated in the

1

Expedited Setting Request. Specifically,

1. An Involuntary Petition was filed in this court on August 31, 2007, initiating the above-referenced involuntary Chapter 11 bankruptcy case against Truestar Barnett LLC aka Trinity Barnett LLC ("Barnett"). According to the Bankruptcy Clerk's records in this case, the Involuntary Petition was filed at 10:43 a.m. C.D.T. This case (henceforth referred to as the "Barnett Involuntary Case") was filed by a Petitioning Creditor, Optima Services In't. Ltd. A summons was issued on September 4, 2007, and the Alleged Debtor will have 20 days from date of service of the summons to Answer the Involuntary Petition; otherwise, an order for relief will be promptly entered by this court in the Barnett Involuntary Case.

2. In accordance with its normal protocol, the court has set <u>October 3, 2007 at 9:30 a.m.</u> for a Status Conference in this matter to hear reports of whether the Involuntary Petition has been timely contested by the Alleged Debtor. If timely contested, the court will schedule a prompt trial on the Involuntary Petition. If not timely contested, the court will promptly enter an Order for Relief.

3. The Expedited Setting Request and Rule 1014(b) Venue Motion represent that the Alleged Debtor filed a Voluntary

Petition on the same date as the Involuntary Petition in the Bankruptcy Court for the District of Colorado (henceforth referred to as the "Barnett Voluntary Case"). This court has verified this information on PACER, determining that the Barnett Voluntary Case was commenced at 9:48 a.m. M.D.T. on August 31, 2007 (*i.e.,* 10:48 a.m. C.D.T.; thus, five minutes <u>after</u> the Barnett Involuntary Case).

4. Bankruptcy Rule 1014(b) provides that when multiple petitions commencing cases are filed in different districts by or against the same debtor, the court in which the petition first filed is pending, on motion and after notice and a hearing, may determine, in the interests of justice or for the convenience of the parties, the district in which the case or cases should proceed. Thus, it appears that the Rule 1014(b) Venue Motion has been properly filed in this court (as opposed to the Colorado bankruptcy court). However, this court declines to set the Rule 1014(b) Venue Motion on an expedited basis for two reasons. First, the court believes that, before it can make a ruling on venue, it must allow the Alleged Debtor its required time to Answer the Involuntary Petition (to determine if an Order for Relief will be consented to or contested), and an order regarding venue is not appropriate without an Order for Relief. Equally

important, Bankruptcy Rule 1014(b), last sentence, provides that the proceedings in the later-filed case "shall be stayed" by the court in which the later-filed petition has been filed until the first-filed court's adjudication of the motion to determine venue. The Expedited Setting Request articulates, as the emergency, the risk that potentially conflicting bankruptcy proceedings may be simultaneously going forward, prior to this court's ruling on the Rule 1014(b) Venue Motion, and this could hamper efficiency and the just administration of the estate of Barnett. This court does not see this as a risk, *since Bankruptcy Rule 1014(b) provides that the proceedings of the second-filed case "shall be stayed" unless the first-filed court otherwise orders*. This court, as the first-filed court, has not "otherwise ordered," at this juncture. Thus, this court views this predicament as simply being a matter of the parties notifying the Colorado bankruptcy court of the first-filed case, so that the Colorado case is not simultaneously moving forward.

    5.    Absent some additional grounds being articulated for an emergency setting (such as those grounds contemplated by Section 303(f) & (g)), *or an agreement with the Alleged Debtor for this court to set an expedited setting* (the Certificate of Conference on the Expedited Setting Request is silent on whether the Alleged

Debtor agrees), this court believes that the Rule 1014(b) Venue Motion must be set on a nonexpedited basis—giving the Alleged Debtor and other parties-in-interest appropriate time to file responses if any, in the ordinary course, to the Involuntary Petition and the Rule 1014(b) Venue Motion.  Accordingly, it is

**ORDERED** that the court will hold a hearing on **October 3, 2007 at 9:30 a.m.** (which is the same scheduled time as the Status Conference on the Involuntary Petition) on the Rule 1014(b) Venue Motion.  If the court is informed at the October 3, 2007 hearing that the Involuntary Petition has been timely contested, the court will set a subsequent, combined hearing for the Trial on the Involuntary Petition and the Rule 1014(b) Venue Motion, after consulting with counsel on available dates, time estimates for the trial, discovery needs or any other relevant matters.  If the Involuntary Petition has not been timely contested, the court will proceed with an evidentiary hearing on the merits on the Rule 1014(b) Venue Motion at the October 3, 2007 hearing.

# # # # END OF ORDER # # # #